IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CARIBBEAN PETROLEUM LP, et al. | ) Chapter 11 ) Bankruptcy Case No. 01-11657 ) Bk. Adv. 03-60024 |
| Debtors, | ) (Jointly Administered) ) |
| HERNAN SERRANO, et al. | ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civ. No. 04-442-SLR ) |
| GULF CHEMICAL CORPORATION, LTD., | ) ) ) |
| Defendant. | ) |

Laura Davis Jones, Esquire and Bruce Grohsgal, Esquire of Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C., Wilmington, Delaware. Andrew Caine, Esquire and J. Rudy Freeman, Esquire of Pachulski, Stand, Ziehl, Young, Jones & Weintraub, Los Angeles, California. Counsel for Plaintiff.

William D. Sullivan, Esquire and Charles J. Brown, III, Esquire of Elzufon Austin Reardon Tarlov & Mondell, P.A., Wilmington, Delaware. Stephen F. Gordon, Esquire and Leslie F. Su, Esquire of Gordon Haley LLP, Boston, Massachusetts. Counsel for Defendant.

**MEMORANDUM OPINION**

Dated: March 31, 2005
Wilmington, Delaware

ROBINSON, Chief Judge

## I. INTRODUCTION

On December 13, 2001, Caribbean Petroleum LP ("Caribbean"), Caribbean Oil LP ("Caribbean Oil"), Caribbean Petroleum Refining LP ("CPR"), Gulf Petroleum (Puerto Rico) Corporation ("Gulf Petroleum") and Caribbean Petroleum Corporation ("CPC"), collectively referred to as "debtors," filed a voluntary petition for relief under chapter 11 of the United State Bankruptcy Code. On March 13, 2003, the bankruptcy court entered an order confirming the debtors' fourth amended joint plan of reorganization ("the Plan").

On December 16, 2003, Hernan Serrano, as Trustee of the Caribbean Petroleum Creditors' Trust ("Creditors' Trust"), filed an action in the bankruptcy court alleging breach of contract and collection. On June 24, 2004, this action was withdrawn from the bankruptcy court. (D.I. 3)

This court has jurisdiction over actions arising out of chapter 11 of the bankruptcy code pursuant to 28 U.S.C. § 1334(a). Pending before this court is defendant's motion to dismiss plaintiff's claim for breach of contract and collection. (Bk. Adv. 03-60024, D.I. 4)

## II. BACKGROUND

Defendant is a British Virgin Island company that owns a refinery, petrochemical facilities and dock terminal facilities in Puerto Rico. (Bk. Adv. 03-60024, D.I. 9 at 2) Defendant is

owned by Caribbean Chemical Corporation ("CCC"), which is owned by First Oil International ("FOI"). (Id.) FOI also owns the debtors. FOI, the debtors and CCC are all controlled by Mr. Gad Zeevi. (Id.) Defendant was not a debtor in the chapter 11 bankruptcy; therefore, its assets were not available to the debtors'7 creditors through the bankruptcy proceedings or the Plan. (Id. at 3)

Defendant and CPC have a management and service agreement ("the Agreement"), under which CPC provides management services to defendant. (Id.) For these services CPC was to receive an annual management and consultation fee of $500,000 and reimbursement for all advances funded and expenses incurred by CPC in performance of its obligation under the Agreement. According to plaintiff, CPC has advanced defendant millions of dollars under the Agreement, but has received only minimal payment for its work. As of the time debtors filed their bankruptcy petition, defendant owed CPC roughly $23 million. (Id. at 4)

### III. STANDARD OF REVIEW

Because the parties have referred to matters outside the pleadings, defendant's motion to dismiss shall be treated as a motion for summary judgment. See Fed. R. Civ. P. 12(b)(6). A court shall grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 n.10 (1986). "Facts that could alter the outcome are 'material,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." Horowitz v. Fed. Kemper Life Assurance Co., 57 F.3d 300, 302 n.1 (3d Cir. 1995) (internal citations omitted). If the moving party has demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e)). The court will "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." Pa. Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995). The mere existence of some evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that issue. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). If the nonmoving party

fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

## IV. DISCUSSION

Plaintiff argues that it has authority to bring this lawsuit under § 541, pursuant to the Plan. Under the Plan, plaintiff has authority to bring suit against "Non-Insiders" and, under certain circumstances, FOI, Oil Resources, Inc. and Mr. Gad Zeevi.

### A. Defendant's Status As An Insider

In 2003, the bankruptcy court approved debtors' Plan. Part of the Plan created the Creditors' Trust, to which the creditors assigned their rights to bring certain claims. (Bk. Adv. 03-60024, D.I. 4, Ex. A at 31) Section 5.6 of the Plan provides that:

> (i) the Non-Insider Claims shall automatically be deemed transferred to the Creditors' Trust; and (ii) the Insider Claims shall automatically be deemed transferred to the Creditors' Trust . . . provided that the Creditors' Trust shall pursue the Insider Claims only in the event that the Debtors fail to pay the Unsecured Payment Obligations . . . .

(Id.)

"Insider Claims" are defined by the Plan as "Avoidance Actions of the Debtors, if any, against FOI, [Oil Resources, Inc.] and Mr. Gad Zeevi . . . ." (Bk. Adv. 03-60024, D.I. 4, Ex. A at 7) "Non-Insider Claims" are defined as "Avoidance Actions

4

of the Debtors against Persons other than Insiders." (Bk. Adv. 03-60024, D.I. 4, Ex. A at 8) The Plan does not define "Insiders," but a "term used [and] not defined [by the Plan], which is also used in the Bankruptcy Code, shall have the meaning ascribed to that term in the Bankruptcy Code." (Id. at A-2) The bankruptcy code's definition of "Insider" includes an "affiliate, or insider of an affiliate as if such affiliate were the debtor." See 11 U.S.C. § 101(31). An "affiliate," as defined by the bankruptcy code, is an entity that controls, either directly or indirectly, the debtor or is controlled, either directly or indirectly, by the debtor. See 11 U.S.C. § 101(2).

Defendant is owned by CCC, which is owned by FOI. FOI also owns two of the debtors in this action. Other than their connection through FOI, there is no relationship between defendant and the debtors. There is no indication that defendant has any control over any of the debtors or vice versa. Therefore, based on the facts of record, defendant is not an "affiliate" and, thus, not an "Insider."

**B. Plaintiff's Authority to Bring A Claim Under § 541**

Under the Plan, "[a]ll Causes of Action described in Section 5.6 (including, without limitation, any such Avoidance Actions commenced prior to the Effective Date) are hereby preserved and retained for enforcement by the Creditors' Trust . . . ." (Id.) Section 5.6 of the Plan gives plaintiff the authority to bring

5

"Avoidance Actions" against "Non-Insiders" such as defendant. (Bk. Adv. 03-60024, D.I. 4, Ex. A at 31) Under the Plan, "Avoidance Actions" are "[c]auses of Action arising or held by the Debtors under Sections 502, 510, 541, 544, 545, 547, 548, 549, 550 or 553 of the Bankruptcy Code or under related state or federal statutes and common law, including fraudulent transfer laws." (Id. at 2)

Plaintiff brings its breach of contract claim under § 541 of the bankruptcy code, a section that is explicitly included in the Plan's definition of "Avoidance Action." Nothing in the Plan precludes plaintiff from bringing such a claim against defendant.[1]

## V.  CONCLUSION

Therefore, for the reasons stated, defendant's motion to dismiss (Bk. Adv. 03-60024, D.I. 4) is denied. An order consistent with this memorandum opinion shall issue.

---

[1] The court is not convinced by defendant's argument that § 541 does not create a right of action, as defendant relies solely on its own conclusory statement and a citation to an unpublished Georgia bankruptcy court opinion from 1989.