IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Civil Docket No.: 04-CV-442 |
| CARIBBEAN PETROLEUM LP, *et al.*[1], | USBC Case No. 01-11657 (PJW) |
| Debtors. | Chapter 11 (Jointly Administered) |
| HERNAN SERRANO, TRUSTEE OF THE CARIBBEAN PETROLEUM CREDITORS' TRUST, AND ON BEHALF OF THE ESTATES OF THE ABOVE-CAPTIONED DEBTORS, CARIBBEAN PETROLEUM, ET AL, | USBC Adv. Proc. No. 03-60024 (PJW) |
| Plaintiff, | |
| v. | |
| GULF CHEMICAL CORPORATION, LTD., | |
| Defendant. | |

ANSWER TO COMPLAINT FOR BREACH OF CONTRACT AND COLLECTION
(Claim for Trial by Jury)

Gulf Chemical Corporation ("GCC"), the above-captioned Defendant, hereby responds to the numbered paragraphs of the Plaintiff's Complaint for Breach of Contract and Collection (the "Complaint") as follows:

The Parties

1.   The Defendant admits the allegations contained in Paragraph 1.

---

[1] The debtors are the following entities: Caribbean Petroleum, LP ("CPLP"); Caribbean Oil LP ("COLP"); Caribbean Petroleum Refining LP ("CPR"); Gulf Petroleum (Puerto Rico) Corporation ("GPC") and Caribbean Petroleum Corporation ("CPC").

2. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in the first sentence of Paragraph 2. The Defendant admits the allegations contained in the second sentence of Paragraph 2.

3. The Defendant states that the Fourth Amended Joint Plan of Reorganization (the "Plan") speaks for itself and denies any attribute to the Plan other than its content. Further answering, the Defendant states that the Plaintiff Trustee is not authorized to pursue a claim against the Defendant.

4. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4.

5. The Defendant admits that it is a British Virgin Islands company and that it owns and controls a refinery and petrochemical facilities in Puerto Rico and denies that it owns dock terminal facilities in Puerto Rico. The Defendant states that First Oil International indirectly owns one hundred percent (100%) of the shares of the Defendant. The Defendant admits that FOI is a corporation formed under the laws of the U.S. Virgin Islands and that FOI indirectly owns one hundred percent (100%) of the shares of Gulf Petroleum Corporation and one hundred percent (100%) of the shares of Caribbean Petroleum Corporation. The Defendant denies the remaining allegations contained in Paragraph 5.

## General Allegations

6. The Defendant states that the alleged GCC Management Agreement attached to the Complaint as Exhibit "A" is an incomplete document and is unsigned by either alleged party. Further answering, the Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 6.

7. The Defendant states that the alleged GCC Management Agreement attached to the Complaint as Exhibit "A" is an incomplete document and is unsigned by either alleged party. Further answering, the Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 7.

8. The Defendant states that the alleged GCC Management Agreement attached to the Complaint as Exhibit "A" is an incomplete document and is unsigned by either alleged party. Further answering, the Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8.

9. The Defendant states that the alleged GCC Management Agreement attached to the Complaint as Exhibit "A" is an incomplete document and is unsigned by either alleged party. Further answering, the Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 9. Further answering, the Defendant states that the third sentence of Paragraph 9 states a conclusion of law to which no response is required.

Jurisdiction and Venue

10. The Defendant states that Paragraph 10 contains a conclusion of law to which no response is required. To the extent a response is required, the Defendant denies that this Court has jurisdiction over this matter.

11. The Defendant states that Paragraph 11 contains a conclusion of law to which no response is required.

12. The Defendant states that Paragraph 12 contains a conclusion of law to which no response is required. To the extent a response is required, the Defendant denies that this is a core proceeding under 28 U.S.C. § 157(b).

First Cause of Action

(Breach of Contract)

13.     The Defendant incorporates by reference Paragraphs 1 through 9 as though fully set forth herein.

14.     The Defendant states that the alleged GCC Management Agreement attached to the Complaint as Exhibit "A" is an incomplete document and is unsigned by either alleged party. Further answering, the Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 14.

15.     The Defendant states that the first sentence of Paragraph 15 contains a conclusion of law to which no response is required. To the extent a response is required, the Defendant states that the alleged GCC Management Agreement attached to the Complaint as Exhibit "A" is an incomplete document and is unsigned by either alleged party. Further answering, the Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 15.

16.     The Defendant states that Paragraph 16 contains a conclusion of law to which no response is required. To the extent a response is required, the Defendant states that the alleged GCC Management Agreement attached to the Complaint as Exhibit "A" is an incomplete document and is unsigned by either alleged party. Further answering, the Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 16.

Affirmative Defenses

First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

<u>Second Affirmative Defense</u>

The Court lacks subject matter jurisdiction over this matter.

<u>Third Affirmative Defense</u>

The Plaintiff Trustee lacks standing to bring the cause of action set forth in the Complaint.

<u>Fourth Affirmative Defense</u>

The Plaintiff Trustee's predecessor in interest (if, in fact, the Plaintiff Trustee is a successor in interest) waived any right to recovery under the claim set forth in the Complaint.

<u>Fifth Affirmative Defense</u>

The Plaintiff Trustee's cause of action is barred by the statute of frauds.

Wherefore the Defendant, Gulf Chemical Corporation prays that the Complaint be dismissed as against it and that it be awarded its costs.

The Defendant claims a trial by jury on all issues so triable.

Dated: May 19, 2005
      Wilmington, Delaware

ELZUFON AUSTIN REARDON
TARLOV & MONDELL, P.A.
*/s/ Charles J. Brown, III*
Charles J. Brown, III (Bar No. 3368)
300 Delaware Avenue, Suite 1700
P.O. Box 1630
Wilmington, Delaware  19899
(302) 428-3181

and

Stephen F. Gordon (MA BBO No. 203600)
Leslie F. Su (MA BBO No. 641833)
Gordon Haley LLP
101 Federal Street
Boston, Massachussets  02110
(617) 261-0100

Counsel to Defendant

P:\Clients\Gulf Chemical-Ram Zeevi\pleadings - Gulf Chemical\Answer to Complaint.doc